# Gumbert v. Logan.

*Equitable assignment of debt—Question for jury.*

The sole question in dispute being the good faith of certain transactions involving an equitable assignment of a debt due, there is no reversible error where the court left the case to the jury, with proper instructions.

Argued April 23, 1900. Appeal, No. 42, April T., 1900, by defendant, in a suit of W. S. Gumbert against Alexander W. Logan, doing business as J. W. Logan & Sons, from judgment of C. P. No. 1, Allegheny Co., March T., 1899, No. 326, on verdict for plaintiff. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed. Opinion by BEAVER, J.

Assumpsit.   Before COLLIER, J.

It appears from the record that plaintiff's claim is that defendant accepted the order of one Sims upon defendant in favor of plaintiff for $530; that the defendant afterwards held money due Sims and paid the same to one Parks instead of to the plaintiff.

Other facts sufficiently appear in the opinion of the court.

Defendant presented the following point:

Under the evidence before you your verdict should be for the defendant.   *Answer:* Refused.

The court left the question to the jury in the following charge:

The facts in this case may be, and are, calculated, without understanding the principles of law underlying them, to give you some trouble in your minds; but, when you understand the principle of law underlying the whole case, I think you will have no trouble in coming to a decision one way or the other.

In this case the only question for you to determine is, whether these transactions between Sims and Parks, and Copeland, who represents the defendant, were in good faith, and I will show you why.   This order, under the evidence, was what is called an equitable assignment of a debt then due to Sims, on a contract for lumber, or any debt of his that became due afterwards. At that time there was a contract, all had notice of it.   The plaintiff loaned the money and got the order on the strength of it.   After that was done, the law says the defendant is liable to pay all that was due to Sims, then due or that would become due thereafter, under such contract.

The defense do not dispute the facts up to that point, but they say, that afterwards they owed nothing to Sims, and the reason they did not owe him anything was because Sims and Parks, and they, got an understanding that the land, not being paid for, Sims released, and put the whole thing back, and the defendants transferred their account, or kept it as it was, to Parks instead of to Sims.

Now you will see, that unless a transaction of that kind was in good faith, upon honest grounds, not to help Sims out and to let Mr. Gumbert go, although he had an order under such circumstances, and look to the wind for his money, it would have to

be done in good faith to be an honest, safe, certain transaction. The defendants alleged that it was, and that the account of their books show that it was. That they were notified that Sims had not performed, and that they would have to go back on the transaction and pay Parks.

You must remember that the defendants knew of this order, that they knew of their contract with Sims at the time, and charged the account to Parks, and kept on charging to him, and then paid Parks, instead of Sims; took what Parks and Sims said as gospel in the case, and continued the account to . Parks, and paid him, except the balance of $381.21, and it is alleged that is paid. But that is the amount that it is alleged he ought to have paid over to Gumbert.

Now, gentlemen, you will examine the case. I cannot go over the testimony. Counsel have both gone over it, and you will understand all of the facts concerning it. You start with the principle, that Mr. Gumbert had an equitable assignment to all the debt that Sims had under that contract, then or thereafter, and the defendants are liable to pay that $381.21, unless they satisfy you that this transaction of turning it over to Parks, and paying him, was in good faith, and not knowing the contrary, to the rights of Mr. Gumbert. That is all of the question in the case, and you will have to determine it.

If you find for the defendant, you say, " For the defendant." If you determine for the plaintiff, you give the plaintiff $381.21, with interest.

Plaintiff's counsel excepts to the general charge of the court, and requests the court to direct that the same be reduced to writing, and filed in the bill of exception sealed to plaintiff, as requested, March 10, 1899.

*Error assigned* among others was refusing defendant's point, reciting same.

*A. O. Fording*, with him *John Mc'Cartney Kennedy*, for appellant.

*W. S. Dalzell*, for appellee.

OPINION BY BEAVER, J., May 24, 1900:

Sims, having purchased a small tract of timber land from

Parks, by articles of agreement of June 12, 1895, and obtained a verbal transfer of a contract of Parks with defendants for the sale of the manufactured lumber therefrom, borrowed $530 from plaintiff, giving him a draft or order upon defendants "to be paid when lumber is delivered," dated June 17, 1895. June 19, 1895, defendants in effect accepted the draft or order drawn by Sims upon them in favor of plaintiff, saying in a letter of that date, "We are perfectly willing to pay the money for the lumber that we may get from Mr. Sims to you, as it can make no difference to us to whom we pay the bill, so long as Mr. Sims authorizes us to pay you for the lumber." There is some testimony that plaintiff had telephonic communication with defendants' manager, before the loan was made and order given, which induced the transaction. Some lumber was delivered from the tract of land above referred to during the summer, credited at first to Sims but subsequently carried to the credit of Parks who owed defendants. September 12, 1895, Sims rescinded his contract with Parks, released and quitclaimed his title to the land, released all his interest in the lumber delivered to the defendants and, notwithstanding his order to plaintiff, directed the proceeds to be paid to Parks. The defendants notwithstanding their acceptance of Sims's order to plaintiff, assumed to pass upon the legal rights of all the parties concerned. At the end of the transaction, as appears by the evidence, Sims had received $530 from the plaintiff. Parks has received $100 from Sims, all the lumber delivered to defendants, or the value thereof, and had his land. Defendants had the lumber and Parks's indebtedness to them paid. Plaintiff had his order returned upon which he was informed there was nothing due or payable. He seems to have been somewhat dissatisfied and went to see Parks and defendants. He saw only the former and wrote the latter that he and Parks had arranged it that Parks should be first paid and he should have the balance but just what this arrangement was nowhere clearly appears.

The court left to the jury only the good faith of the transaction. How anything less could have been submitted to them we cannot understand.

There was some conflicting testimony in regard to the ownership of the lumber and how it was regarded by the parties

during the time of delivery. Some of the witnesses were evidently not entirely devoid of " manner " upon the stand. These considerations were for the jury and could not properly have been taken from them. The defendants have no just grounds of complaint of the court and their assignments of error are, therefore, overruled.

Judgment affirmed.